Ying Lin v. Garland

BIA
Thompson, IJ
A077 281 342

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of January, two thousand twenty-three.

PRESENT:
    DENNIS JACOBS,
    ROSEMARY S. POOLER,
    WILLIAM J. NARDINI,
        *Circuit Judges.*

_____

YING LIN,
        *Petitioner,*

        v.                                          21-6370
                                                    NAC
MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Edward J. Cuccia, Esq., New York, NY.

FOR RESPONDENT:          Brian Boynton, Principal Deputy Assistant Attorney General; Keith

I. McManus, Assistant Director; Edward C. Durant, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED for lack of jurisdiction.

Petitioner Ying Lin, a native and citizen of the People's Republic of China, seeks review of a May 27, 2021, decision of the BIA affirming a July 16, 2018, decision of an Immigration Judge ("IJ") denying her second untimely motion to reopen her removal proceedings to apply to adjust status. *In re Ying Lin,* No. A077 281 342 (B.I.A. May 27, 2021), *aff'g* No. A077 281 342 (Immig. Ct. N.Y. City July 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Lin was ordered removed in absentia in 2001 after she failed to appear for a hearing. In 2018, she filed a second motion to reopen to pursue adjustment of status. We generally review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). However, Lin does not dispute that her motion

was time and number barred, *see* 8 U.S.C. § 1229a(c)(7)(A), (C)(i), or allege any exception to those limitations. Accordingly, the only basis for reopening was the BIA's authority to reopen sua sponte under 8 C.F.R. § 1003.2(a). *See Li Chen v. Garland*, 43 F.4th 244, 247 (2d Cir. 2022). "It is well settled . . . that we do not have jurisdiction to review the BIA's entirely discretionary refusal to reopen a case *sua sponte*." *Id.* at 251–52 (quotation marks omitted).

We decline Lin's request for remand to the BIA based on *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021) because our review is limited to issues raised before the agency. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122–23 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DISMISSED for lack of jurisdiction. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court